█ In the Matter of ALFRED D. LERNER, Appellant, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, et al., Respondents.— In this proceeding by the Assemblyman for the 28th Assembly District, Queens County, to invalidate the petition designating Paul E. Boucher as a candidate for the Republican party's nomination for the public office of Member of the Assembly from the 28th Assembly District, Queens County, in the Primary Election to be held on June 18, 1968, petitioner appeals from a judgment of the Supreme Court, Queens County, dated June 5, 1968, which dismissed the petition herein. Judgment affirmed, without costs. Candidate Boucher and subscribing witness Dubovick were present when each of the 1,046 signatures on the designating petition of Boucher was obtained. Of these signatures, 146 were by one member of a family signing for another member (e.g., a husband signing for himself and his wife or for some other member of his immediate family), some allegedly with authorization, some without authorization. None of the signatories testified that he was urged or induced to sign for the absent family member by the candidate or the subscribing witness. Special Term found that the proof was insufficient to show that the petition was permeated with fraud or that the candidate participated in any fraudulent practices. Under these circumstances, since the petition contained a sufficient number of remaining signatures, the petition must be deemed valid (*Matter of O'Donnell* v. *Ryan,* 13 N Y 2d 885). Beldock, P. J., Benjamin and Munder, JJ., concur; Christ and Martuscello, JJ., dissent and vote to reverse and grant the petition, with the following memorandum: The evidence is clear that (a) the candidate participated in inducing signatories to sign the names of other members of his or her family and (b) the candidate knew that the affidavits by the subscribing witness Dubovick that she had seen each of the signatories sign his or her own name were false. Under these circumstances, the finding that this petition was not permeated with fraud and that the candidate did not participate in any fraudulent practices is contrary to the weight of the evidence. This same subscribing witness is the witness to many other signatures. Since this witness perjured herself with the candidate's consent on the sheets referred to above, the reliability of all the witness' affidavits is in question. A petition so constituted, with the candidate's connivance and consent, should not be allowed to stand.